```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE

IN RE:                            :
                                  :  Chapter 7
PLASSEIN INTERNATIONAL CORP.,     :  Case No. 03-11489-KG
et al.,                           :
                                  :
              Debtors.            :
_____:_____
WILLIAM BRANDT, as he is the      :
Trustee of the Estates of         :
Plassein International Corp.,     :
et al.,                           :
                                  :
              Appellant,          :
                                  :
     v.                           :  Civil Action No. 09-444-JJF
                                  :
TRIVEST II, INC., TRIVEST         :
PARTNERS, LP and GULFSTAR         :
GROUP, INC.,                      :
                                  :
              Appellees.          :
                                  _____
```

Charles R. Bennett, Jr., Esquire and Kathleen E. Cross, Esquire of HANIFY & KING, P.C., Boston, Massachusetts.
Eric D. Schwartz, Esquire and Daniel B. Butz, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL, LLP, Wilmington, Delaware.

Attorneys for Appellant.

Eric M. Davis, Esquire and Davis Lee Wright, Esquire of SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Wilmington, Delaware.

Attorneys for Appellee, Trivest II, Inc. and Trivest Partners, L.P.

David A. Zdunkewicz, Esquire of ANDREWS KURTH LLP, Houston, Texas.
Marc J. Phillips, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.

Attorneys for Appellee GulfStar Group, Inc.

**MEMORANDUM OPINION**

April 30, 2010
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is an appeal from the May 11, 2009 Memorandum Opinion and Judgment Order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") granting judgment in favor of Appellees, Trivest II, Inc.; Trivest Partners, L.P. and GulfStar Group, Inc. and against Appellant, William Brandt, as Trustee (the "Trustee") of the Estates of Plassein International Corp, et al. on the Trustee's claims seeking recovery of certain sums of money paid to Appellees as investment fees, transaction fees and management fees in connection with Appellees' acquisition of certain target companies through the Debtor, Plassein International Corporation (the "Debtor"). For the reasons discussed, the Court will affirm the Bankruptcy Court's Judgment Order.

I. THE PARTIES' CONTENTIONS

The Trustee filed the underlying action in the Bankruptcy Court pursuant to 11 U.S.C. § 544 and 6 Del. C. §§ 1304 and 1305, alleging a series of avoidable fraudulent transfers arising from certain investment and management fees paid to Appellees that rendered the Debtor insolvent or with unreasonably small capital for the business in which it was about to engage. The Trustee contends that the Bankruptcy Court erred in rejecting its claims and finding that the Debtor received equivalent value for the investment and management fees paid to Appellees. The Trustee further contends that the Bankruptcy Court erred in considering

losses sustained by Appellees in its analysis of equivalent value and erred in finding that Appellees acted in good faith and at arms length in their transactions resulting in the fees. The Trustee also contends that the Bankruptcy Court erred in precluding him from offering designated deposition testimony at trial as substantive evidence.

In response, Appellees contend that the Bankruptcy Court correctly determined after two days of uncontroverted live testimony from four witnesses that the Debtor received reasonably equivalent value for the transfers that Appellees received. Appellees contend that the Trustee presented no evidence, no fact witnesses, and no expert witnesses to substantiate his claims. Appellees further contend that the Bankruptcy Court did not err in granting their motion in limine to preclude the use of designated deposition testimony for witnesses who were present in the courtroom and called as witnesses during the trial by Appellees.

## II.   STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d

Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

The Bankruptcy Court's decision to preclude evidence during the trial is reviewed for an abuse of discretion. An abuse of discretion occurs "when a ruling was founded on an error of law, a clearly erroneous view of the facts, or a misapplication of law to the facts." Marco v. Accent Pub. Co., 969 F.2d 1547, 1548 (3d Cir. 1992).

### III. DISCUSSION

To establish a constructively fraudulent transfer under Delaware law, the plaintiff must show by a preponderance of the evidence that (1) the debtor made the transfer without receiving reasonably equivalent value, and (2) the debtor was either: a)

insolvent or became insolvent as a result of the transfer; b) engaged or about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or c) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due. 6 Del. C. §§ 1304(a)(2) & 1305(a); see also In re Hechinger Inc. Co. of Del., 327 B.R. 537, 552 (D. Del. 2005); China Resource Prods. (U.S.A.) v. Fayda Int'l, Inc., 856 F. Supp. 856, 863 (D. Del. 1994); In re MDIP, Inc., 332 B.R. 129, 132 (Bankr. D. Del. 2005). The term "reasonably equivalent value" is not statutorily defined; however, courts consider the totality of the circumstances in assessing reasonably equivalent value. In re R.M.L., Inc., 92 F.3d 139, 153 (3d Cir. 1996); In re MDIP, Inc., 332 B.R. at 133. In particular, three factors are emphasized: (1) whether the transaction was at arm's length, (2) whether the transferee acted in good faith, and (3) the degree of difference between the fair market value of the asset transferred and the price paid. Id.

Reviewing the decision of the Bankruptcy Court in light of the record evidence and the applicable legal standards, the Court concludes that the Bankruptcy Court's findings of fact are not clearly erroneous and its legal conclusions, reviewed de novo, are correct. In reaching this conclusion, the Court finds that the record adequately supports the Bankruptcy Court's

4

determination that Appellees provided reasonably equivalent value to the Debtors in exchange for the fees paid, including among other things, performing due diligence with respect to the transactions, negotiating the terms of the transactions, obtaining the capital necessary for the transactions, and performing management services.  In the Court's view, the Trustee's arguments and evidence to the contrary are insufficient to rise to the level of proof by a preponderance of the evidence.

The Trustee suggests that the services of Appellees were repetitive or duplicative of each other, but the Bankruptcy Court considered this argument and the related evidence and concluded that the overlap was insignificant and that Appellees largely performed different duties with significant value to the Debtors. The Court agrees with the Bankruptcy Court and concludes that the record supports the Bankruptcy Court's findings in this regard. Similarly, the Court finds adequate support in the record for the Bankruptcy Court's determination that the parties acted in good faith and finds no error in the Bankruptcy Court's consideration of Appellees' losses, as such a consideration informs the entire transaction and is part of the totality of the circumstances that must be considered in assessing reasonably equivalent value.

In addition, the Court finds no error and no abuse of discretion in the Bankruptcy Court's determination to consider the opinions of Appellees' expert witness and to exclude the

deposition designations of witnesses who were present in the courtroom and available to provide live testimony. In fact, the witnesses presented live testimony in Appellees' case, and the Bankruptcy Court permitted a very open cross-examination of these witnesses. To the extent the Trustee sought to take their testimony on direct examination, the Trustee could have called these witnesses in his case-in-chief, but declined to do so. Further, the Bankruptcy Court permitted the use of the deposition designations for impeachment purposes, and given the wide latitude during cross-examination, the Court cannot conclude that these designations would have significantly added to the information already developed at the hearing. In these circumstances, the Court finds no undue prejudice to the Trustee as a result of the Bankruptcy Court's rulings, and to the extent any such error may have occurred, it was harmless error insufficient to warrant a remand of this action. See Fenstermacher v. Philadelphia Nat'l Bank, 493 F.2d 333, 338 (3d Cir. 1974); see also Dhyne v. Meiners Thriftway, Inc., 184 F.3d 983, 989-90 (8th Cir. 1999).

In sum, the Court concludes that the Bankruptcy Court correctly determined that the Trustee did not demonstrate by a preponderance of the evidence, the elements required to establish a fraudulent transfer. The Court concludes that the Bankruptcy Court's findings are not clearly erroneous and are adequately

supported by the record. In addition, the Court can discern no legal error in the Bankruptcy Court's legal conclusions. The Bankruptcy Court identified the correct legal principles and applied them correctly in making its rulings. Accordingly, the Court agrees with and adopts the findings of fact and conclusions of law rendered by the Bankruptcy Court, and therefore, the Court will affirm the Bankruptcy Court's Judgment Order.

### IV. CONCLUSION

For the reasons discussed, the Court will affirm the Bankruptcy Court's May 11, 2009 Judgment Order.

An appropriate Order will be entered.